UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-21701-Civ-COOKE/BANDSTRA

DISTRIBUIDORA INTERNACIONAL
ALIMENTOS, SOCIEDAD ANINOMA,

    Plaintiff
vs.

AMCAR FORWARDING, INC., *et al.*,

    Defendants.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

THIS CASE is before me on Defendants Amcar Forwarding, Inc. and Amcar Freight, Inc.'s (collectively, "Amcar") Motion to Dismiss Plaintiff's Amended Complaint. (ECF No. 13). I have reviewed the record, the arguments and the relevant legal authorities. For the reasons explained below, Amcar's Motion to Dismiss is denied.

### *I. BACKGROUND*[1]

In or about April 2009, Plaintiff hired Amcar to load and transport merchandise from Miami, Florida to Guatemala City, Guatemala. (ECF No. 11 ¶ 7). In accordance with the Parties' agreement, Amcar issued a bill of lading that detailed the amount of merchandise in the shipment, loaded the merchandise into a shipping container and arranged for the merchandise to be transported to Guatemala. Plaintiff alleges that the bill of lading contained inaccurate information, in violation of the Federal Bill of Lading Act, 46 U.S.C. § 80101, *et al.*, and the Carriage of Goods by Sea Act, 49 stat. 1207 (1936) *reprinted in* note following 46 U.S.C. §

---

[1] These facts are taken from the Plaintiff's Complaint. *See Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998) ("In evaluating the sufficiency of a complaint, a court must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff.").

30701 ("COGSA") (previously codified at 46 U.S.C. App. § 1301 et seq.). As a result of the bill of lading's misdescription, the merchandise was seized by Guatemalan customs and delivery of the merchandise was delayed for several months.

## II.  LEGAL STANDARD

A federal court will dismiss a case where the complaint fails to satisfy the pleading requirements of Fed. R. Civ. P. 8(a), which provides that complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  That is, in order to survive a motion to dismiss, a plaintiff must articulate "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544. 570 (2007).  While detailed factual allegations are not required, a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *Id.* When considering a 12(b)(6) motion to dismiss, the court must accept all of the plaintiff's allegations as true, construing them in the light most favorable to the plaintiff.  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

## III.  ANALYSIS

### The Federal Bill of Lading Act

Amar argues that dismissal is proper because Plaintiff had the burden to ensure that the merchandise was properly loaded and counted.  Specifically, Armcar claims that the descriptive language of "Shippers Load and Count" on the face of the bill of lading precludes a finding of liability under the Federal Bill of Lading Act.  I disagree.  Pursuant to the Federal Bill of Lading Act, a common carrier is liable for damages to the shipper when the goods fail to correspond to the description contained in the bill of lading issued by the carrier.  49 U.S.C. § 80113(a).  A carrier is not liable when the bill contains the language "shipper's weight, load, and count," the

shipper loads the goods, and the carrier does not know whether the goods conformed to the description in the bill of lading. 49 U.S.C. § 80113(b). Ultimately, "a bill of lading containing the recital 'shipper's load and count' places the burden of proof and correct loading on the shipper" who then accepts responsibility for the description and count of the goods. *Dublin Co. v. Ryder Truck Lines, Inc.*, 417 F.2d 777 (5th Cir. 1969).[2] Amcar, however, cannot escape liability by merely inserting the words "shipper's load and count" in the bill of lading. When goods are loaded by a common carrier, as is the case here, the carrier is responsible for verifying that the quantity of the goods described on the bill of lading matches what is actually loaded for transit. *See* 49 U.S.C. § 80113(d)(2); (*Amend. Compl.*, ECF No. 11 ¶ 7). Plaintiff claims that Amcar failed to verify the accuracy of the bill or lading. Accepting Plaintiff's allegations as true, the Amended Complaint "pleads factual content that allows the court to draw the reasonable inference that [Amcar] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1949 (2009).

*Bill of Lading's Limitation of Liability*

Amcar also argues that Plaintiff's claims should be dismissed because the terms of the bill of lading preclude Plaintiff from recovering monetary damages. The bill of lading expressly states that Plaintiff "assumes responsibility for all damage." COGSA, however, prevents a carrier from limiting its liability for loss of damages arising from "negligence, fault, or failure in the duties and obligations" related to the loading, handling, carrying and/or discharge of transported goods. COGSA § 3(8). Any clause or limiting language in a bill of lading lessening a carrier's liability "shall be null and void and of no effect." *Id*. Simply stated, Amcar cannot

---

[2] The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

contract around COGSA's minimum requirements.

COGSA requires a carrier to issue a bill of lading with the accurate "number of packages or pieces, or the quantity or weight, as the case may be, as furnished in writing by the shipper." COGSA § 3(3)(b). Notwithstanding the implicit guarantee that Plaintiff provided Amcar with the accurate quantity of the goods[3], Plaintiff alleges that Amcar issued a bill of lading "with incorrect information regarding the amount of merchandise in the shipment which caused the seizure of the [merchandise] by Guatemalan customs and its detention for several months." (ECF No. 11 ¶ 9). Plaintiff has pled sufficient facts to survive a motion to dismiss.

In the alternative, Amcar argues that the reverse side of the bill of lading further warrants dismissal of Plaintiff's Amended Complaint.[4] In support of their argument, Amcar references numerous excerpts from the reverse side of the bill of lading including the following:

> Carrier has no reasonable means of checking the quantity, weight, condition or existence of the contents thereof and does not represent the quantity weight, condition or existence of such contents as furnished by the shipper and inserted into this bill of lading to be accurate and shall not be liable for nonreceipt or misdescription of such contents. … [The] bill of lading shall not be deemed evidence against the carrier of receipt of goods of the weight or quantity so inserted in the bill of lading.

Amcar, however, fails to acknowledge that "[a] court's review on a motion to dismiss is

---

[3] Guaranty of statements: The shipper shall be deemed to have guaranteed to the carrier the accuracy at the time of shipment of the marks, number, quantity, and weight, as furnished by him; and the shipper shall indemnify the carrier against all loss, damages, and expenses arising or resulting from inaccuracies in such particulars. The right of the carrier to such indemnity shall in no way limit his responsibility and liability under the contract of carriage to any person other than the shipper. COGSA § 3(5).

[4] Amcar Forwarding, Inc. also argues that Plaintiff's claims should be dismissed because it was not a party to the bill of lading contract. This argument is misplaced for two reasons. First, COGSA does not require a carrier to have a contractual relationship with a shipper in order for that carrier to be responsible for verifying the accuracy of information contained within a bill of lading (Count I). Second, Plaintiff's breach of contract claim (Count II) is premised on an oral agreement between the parties.

limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). A complaint is deemed to include any written instrument attached to it as an exhibit or material incorporated in it by reference. Fed. R. Civ. P. 10(c). Here, the Amended Complaint explicitly refers to and relies upon the front side of the bill of lading. Although the bill of lading states that all terms "written, printed or stamped on either side hereof are part of the bill of lading contract," this Court has no means of verifying that the reverse side cited by Amcar is indeed the document Amcar delivered to Plaintiff. The face of the bill of lading attached to the Amended Complaint is prima facie evidence that Amcar received the merchandise, and therefore had an obligation to verify that the quantity of the bill of lading matched what was loaded for transit. *See* COGSA §§ 3(3), 3(4). The Amended Complaint states a viable cause of action as it adequately alleges that Amcar breached verbal and written contracts and failed satisfy the statutory requirements of COGSA and the Federal Bill of Lading Act.

### *IV. CONCLUSION*

For the reasons explained in this order, I hereby **ORDER and ADJUDGE** that Amcar's Motion to Dismiss (ECF No. 13) is **DENIED**. Amcar shall file an Answer to the Amended Complaint within seven (7) days of the date of this Order.

**DONE and ORDERED** in chambers at Miami, Florida this 11th day of March 2011.

*[signature]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of Record*